UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

DOUGLAS WADE EDWARDS,          CASE NO. 10-51913-NPO

DEBTOR.          CHAPTER 13

### MEMORANDUM OPINION
### OVERRULING OBJECTION TO PROOF OF CLAIM

On January 10, 2011, this Court conducted a hearing (the "Hearing") on the Objection to Proof of Claim (the "Objection") (Dkt. No. 23) filed by Douglas Wade Edwards (the "Debtor"), and the Response to Objection to Secured Claim (the "Response") (Dkt. No. 26) filed by Clay Young ("Clay Young") in the above-referenced chapter 13 proceeding. At the Hearing, J. Thomas Ash represented the Debtor, and J. Tyler McCaughn represented Clay Young. For the following reasons, the Court finds that the Objection should be overruled and the secured claim allowed.[1]

### Jurisdiction

This Court has jurisdiction of the subject matter and the parties to the proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(a)(2)(A) and (B).

### Facts

Attorneys for the Debtor and Clay Young stipulated at the Hearing to the following facts:

1. Clay Young, as an accommodation party, co-signed a note with the Debtor to Pikco Finance ("Pikco") for the financing of a vehicle for the Debtor;

2. The Debtor filed his voluntary petition under chapter 13 of the Bankruptcy Code on August 19, 2010;

---

[1] The following constitutes the findings of fact and the conclusions of law of the Court pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

    3.     Clay Young satisfied the debt in full by paying Pikco $4,400;

    4.     Clay Young filed his Proof of Claim on September 10, 2010, claiming to be a secured creditor in the amount of $4,400; and

    5.     The Debtor filed his Objection on November 11, 2010.

### Issue

The issue, which appears to be an issue of first impression before this Court, is whether Clay Young's Proof of Claim should be allowed as a secured claim.

### Discussion

Miss. Code Ann. § 75-3-419 (Rev. 2010) governs instruments signed for accommodation in Mississippi. Pertinent subsections of § 75-3-419 provide as follows:

> (a) If an instrument is issued for value given for the benefit of a party to the instrument ("accommodated party") and another party to the instrument ("accommodation party") signs the instrument for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument, the instrument is signed by the accommodation party "for accommodation."
>
> . . .
>
> (f) An accommodation party who pays the instrument is entitled to reimbursement from the accommodated party and is entitled to enforce the instrument against the accommodated party. In proper circumstances, an accommodation party may obtain relief that requires the accommodated party to perform its obligations on the instrument. An accommodated party who pays the instrument has no right of recourse against, and is not entitled to contribution from, an accommodation party.

The Mississippi Supreme Court dealt with an accommodation party's right of subrogation in Murray v. Payne, 437 So. 2d 47 (Miss. 1983). In Murray, the appellees were sureties on a note, and as such, were accommodation parties. Id. at 52. The Mississippi Supreme Court held that, "[an

accommodation party's] right of subrogation, recognized by the above statute,[2] is his equitable right to assert the rights of the creditor against the debtor. Upon payment, the [accommodation party] is said to "stand in the shoes" of the creditor." Id. The Murray court further held that, "[n]ot only is the accommodation party entitled to sue the maker of a note to recover the amount that the accommodation party ends up paying, but he is also entitled to any collateral securing the note." Id. Hence, if the original creditor is a secured creditor, upon payment of the obligation, the accommodation party steps into the position of the original creditor as a secured creditor.

In this case, the Debtor signed a note with Pikco to finance a vehicle. Clay Young signed the note as an accommodation party. When the Debtor defaulted on payments to Pikco, Clay Young paid Pikco $4,400 to satisfy the debt. Under Miss. Code Ann. § 75-3-419 (Rev. 2010) and the reasoning in Murray, Clay Young "stands in the shoes" of Pikco as a secured creditor.[3]

## Conclusion

For the foregoing reasons, the Court finds that Clay Young, as an accommodation party to the note and having satisfied the debt, is a secured creditor. Accordingly, the Objection should be overruled. A separate order consistent with this Memorandum Opinion will be entered by the Court in accordance with Fed. R. Bankr. P. 7054, 9014, and 9021.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: January 18, 2011

---

[2] At the time the Murray opinion was written in 1983, the applicable statute was Miss. Code Ann. § 75-3-415 (Supp. 1982). The applicable statute is now Miss. Code Ann. § 75-3-419 (Rev. 2010) (giving the accommodation party additional rights).

[3] Since no other issue was raised as to Clay Young's secured claim, and since this chapter 13 plan proposes to pay all creditors 100%, the Court declines to opine as to the extent to which Clay Young's claim is secured.